```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

SANDRA LAPRADE, on behalf of  
Herself and Infant Child LL,

    Plaintiff,

v.      Case No. 3:23-cv-00748(RNC)

PLAINFIELD BOARD OF EDUCATION,
PLAINFIELD PUBLIC SCHOOLS, TOWN
OF PLAINFIELD, PLAINFIELD
POLICE DEPARTMENT, PRINCIPAL
SCOTT GAGNON (in his individual
and official capacity), BECKY
GRIFFIN (in her individual and
official capacity), MARY-JO
MACINNIS (in her individual and
official capacity), SERGEANT
TODD SHAW (in his official and
individual capacity), and JOHN
AND JANE DOES 1-10,

Defendants.

## RULING AND ORDER

Plaintiff brings this case under Title IX and other provisions of state and federal law claiming principally that the defendants failed to protect the minor plaintiff "LL" against peer-on-peer bullying and harassment while she was a student at Plainfield Middle School.

Defendants have filed a motion to dismiss counts two, three, five, six and nine in the second amended complaint (hereinafter "the complaint") and to dismiss various defendants.

1

They also move to stay the deadlines in the amended scheduling order pending a ruling on the motion to dismiss.

The motion to dismiss as to the "Plainfield Public Schools" and the "Plainfield Police Department" is granted because these entities are not suable as such and the proper defendants - the Plainfield Board of Education and the Town of Plainfield, respectively – are both named defendants.

The motion to dismiss the action against any and all Doe defendants is granted because the complaint does not allege acts or omissions providing the basis for a plausible claim against an as-yet-unidentified individual.

As a result of this ruling, the following defendants remain in the case: the Plainfield Board of Education, the Town of Plainfield, Scott Gagnon, Becky Griffin, Mary-Jo MacInnis, and Sergeant Todd Shaw.  In the event plaintiff seeks to add another defendant, any such motion will be governed by the applicable federal and local rules of procedure and the deadlines in the scheduling order.

The motion to dismiss count two is granted.  In this count, plaintiff invokes 42 U.S.C. § 1983, which provides a cause of action against a person who violates another's federal rights while acting under color of state law.  Defendants move to dismiss this count on the ground that it merely alleges

2

negligence on the part of the Board, which is insufficient to support a claim under § 1983.

Plaintiff argues in opposition that the complaint as a whole may be liberally construed to include a claim under § 1983 for a violation of substantive due process in violation of the Fourteenth Amendment.  Generally, a state official's failure to protect an individual against harm by non-state actors does not constitute a violation of the Due Process Clause.  DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 197 (1989). Plaintiff relies on two exceptions to this rule: the "special relationship" exception, and the "state-created danger" exception.

The defendants contend that the "special relationship" exception does not apply to the relationship between a school board and a student, citing Judge Hall's decision in Gagnon ex rel. MacFarlane v. East Haven Bd. Of Educ., 29 F. Supp. 3d 79, 83-84 (D. Conn. 2014).  I agree with Judge Hall (and other judges in this District) that the exception does not apply in the context of this case.  See Martin A. Schwartz, Section 1983 Litigation, Vol. 1, § 3.09[H](4th ed. 2024 Supp.)(collecting cases).

The defendants further contend that the special relationship exception does not apply because it cannot be fairly said that the defendants' alleged failure to protect the

3

minor plaintiff against peer-on-peer bullying and harassment constituted "egregious conduct . . . so brutal and offensive to human dignity as to shock the conscience." Smith v. Half Hollow Hills Cent. Sch. Dist., 298 F.3d 168, 173 (2d Cir. 2002). Accepting the plaintiff's allegations as true, they fall well short of the allegations of bullying that the Court of Appeals deemed insufficient to support a substantive due process claim in Smith v. Guilford Bd. of Educ., 226 Fed. Appx. 58, 61-62 (2d Cir. 2007). Accordingly, I agree with the defendants that the special relationship exception does not apply for this reason as well.

With regard to the "state-created-danger" exception, the complaint alleges that defendant MacInnis, a guidance counselor at the Middle School: (1) stopped LL from leaving the school building when her mother came to pick her up, as LL had requested; (2) kept LL in the guidance counselor's office against her will and refused her requests to leave the room to use a restroom and get a jacket; (3) when asked by LL about the whereabouts of her mother, falsely told LL her mother might have been in a car accident; and (4) subsequently sent LL home alone on the school bus without contacting anyone on her behalf. These allegations do not fit within the state-created-danger exception because MacInnis is a state actor. See Doztator v. O'Brien, 39 F. 4th 852, 866 (7th Cir. 2022)(exception does not

4

apply to harm allegedly perpetrated directly by state actor); see also <u>Okin v. Vill. Of Cornwall-On-Hudson Police Dept.</u>, 577 F. 3d 415, 427-28 (2d Cir. 2009)(state-created danger exception applies when state actor increases risk of "private violence"). Accordingly, count two is hereby dismissed in its entirety for failure to state a claim on which relief may be granted under § 1983.

The motion to dismiss count three, which purports to state a claim for intentional infliction of emotional distress under state law, is granted to the extent it is based on defendants' failure to respond to known instances of bullying.  <u>See</u> <u>Williams v. Cmty. Sols., Inc.</u>, 932 F. Supp. 2d 323, 337-38 (D. Conn. 2013)(Connecticut courts have been unwilling to hold defendants liable for IIED based on their nonfeasance, even in the face of known harm).  The motion is also granted with respect to the Town, which cannot be held directly liable for intentionally inflicting emotional distress on LL.  The motion is denied with regard to defendants MacInnis and Gagnon, the Principal of the Middle School, insofar as it is based on MacInnis's alleged mistreatment of LL (as set forth above in the discussion of count two) in which Gagnon was allegedly complicit.  Sergeant Shaw is added as a defendant on this count with defendants' consent.

Defendants' motion to dismiss counts five and six as against Sergeant Shaw for failing to allege sufficient facts showing his personal involvement in the alleged wrongdoing is denied.  Construed most favorably to the plaintiff, the allegations concerning his personal involvement are marginally sufficient to retain him as a defendant on these counts as this stage.

Defendants' motion to dismiss count nine, which purports to allege a <u>Monell</u> claim against the Town under 42 U.S.C. § 1983 for its alleged failure to train, is granted.  To state a claim for relief against the Town under <u>Monell</u>, plaintiff must allege facts showing that LL's alleged injuries were caused by an official policy of the Town or deliberate indifference on the part of Town policymakers to violations of federal rights.  <u>See</u> <u>City of Canton v. Harris</u>, 489 U.S. 378, 388-89 (1989).  The complaint makes conclusory allegations that bullying is a serious problem in the Plainfield Schools.  But there are no well-pleaded factual allegations permitting a reasonable conclusion that the Board of Education has been deliberately indifferent to peer-on-peer bullying and harassment.  Rather, the complaint relies on the individual defendants' alleged indifference to LL's plight, which is insufficient to support an inference of deliberate indifference on the part of the Board to violations of students' federal rights.  Moreover, plaintiff's

6

<u>Monell</u> claim relies on alleged violations of state anti-bullying laws, which are not actionable under § 1983.

Accordingly, defendants' motion to dismiss is granted in part and denied in part and the motion to stay the amended scheduling order is denied as moot.

So ordered this 23rd day of January 2025.

                                              /RNC/
                                    Robert N. Chatigny
                              United States District Judge